BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE JOHN J. SANSONE, COUNTY COUNSEL, COUNTY OF SAN DIEGO, has requested an opinion on the following question:
May a security officer employed by a community college district exercise the powers of a peace officer on behalf of the district?
 CONCLUSION
A security officer employed by a community college district may not exercise the powers of a peace officer on behalf of the district.
Commission on Peace Officer Standards and Training." These training requirements are applicable to
 ANALYSIS
We are informed that prior to 1987, a community college district employed security officers to patrol its property. In 1987, the district formed a police department with the expectation that its security officers would become district police officers. However, four of its security officers failed to satisfactorily complete their training as peace officers and remained employed by the district as security officers. The question presented for resolution concerns whether these security officers may exercise the powers of a peace officer on behalf of the district. We conclude that they may not.
The Legislature has adopted a comprehensive statutory scheme authorizing community college districts to employ security officers as well as police officers. (Ed. Code, §§ 72330-72332) A security officer is defined in Education Code section 72330.5, subdivision (c) as follows:
"For purposes of this chapter, `security officer' means any person primarily employed or assigned pursuant to subdivision (b) to provide security services as a watchperson, security guard, or patrolperson on or about premises owned or operated by the community college district to protect persons or property or to prevent the theft or unlawful taking of district property of any kind or to report any unlawful activity to the district and local law enforcement."
Education Code section 72330.5, subdivision (b), describes the training necessary for performing the duties of a community college district security officer:
"After July 1, 2000, every school security officer employed by a community college district who works more than 20 hours a week as a school security officer shall complete a course of training developed no later than July 1, 1999, by the Bureau of Security and Investigative Services of the Department of Consumer Affairs in consultation with the Commission on Peace Officer Standards and Training pursuant to Section7583.31 of the Business and Professions Code. If any community college security officer subject to the requirements of this subdivision is required to carry a firearm while employed, that security officer shall additionally satisfy the training requirements of Section832 of the Penal Code."[1]
Community college security officers are not "peace officers." Penal Code section 830 states:
"Any person who comes within the provisions of this chapter and who otherwise meets all standards imposed by law on a peace officer is a peace officer, and notwithstanding any other provision of law, no person other than those designated in this chapter is a peace officer. . . ."
"This chapter" (Pen. Code, §§ 830-832.9) does not designate community college security officers as peace officers; accordingly, they do not have such status. (See County of Santa Clara v.Deputy Sheriffs' Assn. (1992) 3 Cal.4th 873, 879-880; Service EmployeesInternat. Union v. City of Redwood City (1995) 32 Cal.App.4th 53,59-60.)
In contrast, community college district police officers are "peace officers" whose training and duties differ significantly from the training and duties of district security officers. Penal Code section830.32 provides:
"The following persons are peace officers whose authority extends to any place in the state for the purpose of performing their primary duty or when making an arrest pursuant to Section 836 as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense, or pursuant to Section 8597 or 8598 of the Government Code. Those peace officers may carry firearms only if authorized and under terms and conditions specified by their employing agency.
"(a) Members of a California Community College police department appointed pursuant to Section 72330 of the Education Code, if the primary duty of the police officer is the enforcement of the law as prescribed in Section 72330 of the Education Code.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(c) Any peace officer employed by a K-12 public school district or California Community College district who has completed training as prescribed by subdivision (f) of Section 832.3 shall be designated a school police officer."
Education Code section 72330 states in turn:
"(a) The governing board of a community college district may establish a community college police department under the supervision of a community college chief of police and, in accordance with Chapter 4 (commencing with Section 88000) of Part 51, may employ personnel as necessary to enforce the law on or near the campus of the community college and on or near other grounds or properties owned, operated, controlled, or administered by the community college or by the state acting on behalf of the community college.
Each campus of a multicampus community college district may designate a chief of police.
"(b) Persons employed and compensated as members of a community college police department, when so appointed and duly sworn, are peace officers as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Penal Code section 832.3, subdivision (f), provides:
"Any school police officer first employed by a K-12 public school district or California Community College district after July 1, 1999, shall successfully complete a basic course of training as prescribed by subdivision (a) before exercising the powers of a peace officer. . . ."
Penal Code section 832.3, subdivision (a), specifies that "any police officer of a district authorized by statute to maintain a police department, who is first employed after January 1, 1975, shall successfully complete a course of training prescribed by the Commission on Peace Officer Standards and Training before exercising the powers of a peace officer. . . ."
Besides completing the course of training specified in Penal Code section 832.3, subdivision (a), a community college district police officer must obtain the "basic certificate" issued by the Commission on Peace Officer Standards and Training ("Commission") within 18 months of being hired as a police officer. Penal Code section 832.4, subdivision (a), provides:
"Any . . . police officer of a district authorized by statute to maintain a police department, who is first employed after January 1, 1974, and is responsible for the prevention and detection of crime and the general enforcement of the criminal laws of this state, shall obtain the basic certificate issued by the Commission on Peace Officer Standards and Training within 18 months of his or her employment in order to continue to exercise the powers of a peace officer after the expiration of the 18-month period."
The basic certificate is obtained by successfully completing the course of study prescribed pursuant to Penal Code section 832.3, subdivision (a), as well as successfully completing a period of probation of at least 12 months. (Cal. Code Regs., tit. 11, §§ 11:1010, 1012.) Finally, a community college district police officer must also complete a supplemental specialized course of training "to meet the unique safety needs of a school environment." (Pen. Code, § 832.3, subds. (g), (h).)
Hence, the training requirements for community college police officers are considerably more rigorous than for community college security officers. The former have broad authority as peace officers to "enforce the law" (Ed. Code, § 72330, subd. (a); Pen. Code, §830.32, subd. (a)), while the latter act primarily as security guards who generally "report any unlawful activity to the district and local law enforcement" (Ed. Code, § 72330.5, subd. (c)).
In 80 Ops.Cal.Atty.Gen. 293 (1997), we examined whether a police officer or deputy sheriff who failed to satisfactorily complete the requirements of Penal Code sections 832.3 or 832.4 may nevertheless exercise the powers of a peace officer. We concluded that although the police officer or deputy sheriff could continue to have the status of a peace officer, such officer could only exercise non-peace officer powers. We observed:
"The Commission sets standards and issues various certificates, depending upon the duties and responsibilities of the individual peace officers. [Citation.] The standards serve `the purpose of raising the level of competence of local law enforcement officers. . . .' [Citation.] Certificates are issued `for the purpose of fostering professionalism, education, and experience necessary to adequately accomplish the general police service duties performed by peace officer members of city police departments, county sheriffs' departments. . . .' [Citation.] The training includes, among other aspects, a comprehensive firearms course. [Citation.]
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"The requirements of sections 832.3 and 832.4 are not conditions of employment, but rather are limitations placed upon the exercise of peace officer powers. [Citation.] Thus the officers who fail to meet the requirements may retain their `status' as peace officers, although their powers would change. [Citations.] Even though a police officer or deputy sheriff has not received training (§ 832.3) or obtained the basic certificate (§ 832.4), he or she would nevertheless be considered `designated' as a peace officer in section830.1, subdivision (a) [`Any . . . deputy sheriff, . . . any police officer . . . is a peace officer'] for purposes of section 830 [`no person other than those designated in this chapter is a peace officer'].
"We conclude that if a police officer or deputy sheriff fails to complete the training prescribed by the Commission or fails to obtain the basic certificate issued by the Commission, such officer may exercise only nonpeace officer powers; the officer may not exercise the powers of arrest, serving warrants, carrying concealed weapons without a permit, or similar peace officer powers." (Id. at pp. 294-298.)
More recently, in 85 Ops.Cal.Atty.Gen. 203 (2002), we concluded that members of the California National Guard must satisfactorily complete the requisite training prescribed by the Commission before exercising the powers of peace officers. We explained:
"The Commission sets minimum standards for the selection and training of peace officers (§ 13510), among its various duties. [Citations.] Certain peace officers are required to take only an introductory course of training in order to exercise peace officer powers. [Citations.] The introductory training course totals 64 hours and primarily covers arrest and firearms training. [Citation.] It is this introductory course that National Guard members would be required to complete if they are found to be subject to the terms of section 832.
"May a person be designated a peace officer but not have peace officer powers? In 80 Ops.Cal.Atty.Gen. 293, supra, we addressed that question and concluded that if a police officer or deputy sheriff failed to complete the training prescribed by the Commission, such officer, although still `designated' as a peace officer, could not exercise peace officer powers, such as the powers of arrest, serving warrants, and carrying concealed weapons without a permit. (Id. at p. 297.) We found that the relevant training requirements were limitations placed upon the exercise of peace officer powers even though the officers would retain their `status' as peace officers. (Ibid.)
"Here, members of the National Guard are designated as peace officers under certain circumstances (§ 830.4, subd. (a)), but to exercise peace officer powers, they must comply with the training requirements of section 832, subdivision (b)(1). . . ." (Id. at p. 207.)
Following the analysis of our prior opinions, we find that a community college district security officer may only exercise non-peace officer powers. Such officer does not have the training to exercise peace officer powers on behalf of the community college district; indeed, such officer is not a peace officer.[2]
We conclude that a security officer employed by a community college district may not exercise the powers of a peace officer on behalf of the district.
[1] Penal Code section 832 provides for "an introductory course of training prescribed by the community college security officers employed prior to July 1, 2000, unless they have "completed an equivalent course of instruction pursuant to Section 832.2 of the Penal Code." (Ed. Code, § 72330.5, subd. (e).) Penal Code section 832.2
provides for a training course having "guidelines and procedures for reporting offenses to other law enforcement agencies that deal with violence on campus and other school related matters. . . ."
[2] However, a district security officer may exercise peace officer powers in a particular situation if he or she is exercising them in some other statutorily authorized capacity. (See 80 Ops.Cal.Atty.Gen., supra, at p. 296.)